## CHARLES MOSS and Another v. ANHEUSER-BUSCH BREWING ASSOCIATION.[1]

### May 26, 1905.

### Nos. 14,278—(65).

Action in the municipal court of Minneapolis to recover $250 for the conversion of a stock of liquors and bar utensils. The case was tried before Holt, J., who found in favor of plaintiffs for the sum of $140. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*Welch, Hayne & Hubachek*, for appellant.

*S. Meyers*, for respondents.

PER CURIAM.

Defendant was the owner of a certain building in Minneapolis, and its fixtures, used for carrying on the saloon business by the firm of Merritt & Ryan, the lessees, who owned certain merchandise and bar utensils used in connection therewith. July 6, 1904, Merritt turned over his key to Ryan and walked out, intending to abandon the business to his partner. At the time the firm were indebted to defendant in the sum of $125.75, and about July 8 or 9 defendant's manager went to the saloon for the purpose of collecting the bill, and demanded payment of Ryan, who replied that there was sufficient stuff in the building to pay the claim. In the afternoon of the same day defendant's manager sent over one of its drivers, to whom Ryan delivered the keys, and the place was locked up. Up to that time no change had been made in the firm name, but Ryan was in sole possession of the business, and when the driver appeared to lock up the place he expressed himself glad to get rid of it and get out. The bartender, who was present, asked if defendant had a bill against the firm, to which the driver replied there might be; he did not know. A couple of days thereafter the driver and one of defendant's assistant bookkeepers went to the saloon, inventoried the goods, and removed the same into the back room, where they remained for two or three weeks, when defendant removed and took possession of them. July 15, 1904, Merritt & Ryan executed a bill of sale to plaintiffs, who made demand on defendant for the goods, and, the same being refused, this action was commenced in conversion to recover the value thereof. The court found that plaintiffs were the owners of the property, that defendant wrongfully and unlawfully converted the same, and that the value thereof was $140, ordering judgment for plaintiffs in that amount. The court was justified in finding that plaintiffs acquired title by the bill of sale, unless the conversations and transactions above stated were sufficient to constitute a sale or pledge of the goods to defendant. Conceding that by abandoning the business and turning over the key to his partner, Merritt

[1] Reported in 103 N. W. 1133.

would have been bound by whatever disposition Ryan might thereafter make of the goods, the evidence does not conclusively show either a sale or pledge. The court was justified in holding that Ryan's statements amounted to no more than a declaration that there was enough to meet defendant's claim. Inasmuch as the firm were tenants of defendant, the act of turning over the keys does not necessarily imply an intention to relinquish title to the merchandise, but was consistent with the purpose of turning over the building and fixtures belonging to defendant. There never having been any transfer of the title, the mere fact that defendant, in taking possession of the building, also took possession of the personal property, setting it apart in a certain room and locking it up, does not conclusively show that defendant acquired possession as pledgee. The decision is justified by the evidence. We discover no reversible error in the other assignments.

Order affirmed.